MEMORANDUM **
Sergio Gonzalez-Ortega petitions for review of a Board of Immigration Appeals (BIA) decision affirming the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We dismiss in part, deny in part, grant in part, and remand.
1. Gonzalez-Ortega argues that the BIA abused its discretion by finding that his asylum application did not qualify for the extraordinary circumstances exception to the one-year filing deadline. , See 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(5). Because the facts surrounding the reason for his delay are disputed, we lack jurisdiction to consider this question. See Gasparyan v. Holder, 707 F.3d 1130, 1134 (9th Cir.2013). We therefore dismiss the petition as to his untimely asylum application.
2. The BIA improperly determined that Gonzalez-Ortega did not suffer past persecution in Mexico because the record compels the conclusion that he was persecuted “on account of’ his homosexuality. Parussimova v. Mukasey, 555 F.3d 734, 738-39 (9th Cir.2009) (quoting Navas v. INS, 217 F.3d 646, 655-56 (9th Cir.2000)). The BIA concluded that Gonzalez-Ortega was victimized because of his general vulnerability and not due to his sexual orientation. But “[persecutors’ motivation should not be questioned when the persecutors specifically articulate their reason for attacking a victim,” Li v. Holder, 559 F.3d 1096, 1111-12 (9th Cir.2009), and his brother uttered homophobic slurs while raping him, making clear he was targeted because of his homosexuality. While his brother may have had other motivations *708 for repeatedly raping him, “a persecutor may be motivated by more than one central reason, and ‘an asylum applicant need not prove which reason was dominant.’” Singh v. Holder, 764 F.3d 1153, 1162 (9th Cir.2014) (quoting Parussimova, 555 F.3d at 741). Moreover, his cousin clearly targeted him only because his closeted homosexuality made him vulnerable. Therefore, the BIA erred by concluding that Gonzalez-Ortega was not raped “on account of’ his homosexuality.
Additionally, the BIA misapplied our holding in Castro-Martinez v. Holder, 674 F.3d 1073 (9th Cir.2011), by suggesting that Gonzalez-Ortega was required to report his abuse to the police in order to show government acquiescence to his persecution. “We have never held that any victim, let alone a child, is obligated to report a sexual assault to the authorities.” Castro-Martinez, 674 F.3d at 1081. Our “review is limited to the BIA’s decision” unless “the IJ’s opinion is expressly adopted.” Hosseini v. Gonzales, 471 F.3d 953, 957 (9th Cir.2006) (quoting Cordon-Garcia v. INS, 204 F.3d 985, 990 (9th Cir.2000)). The BIA’s pin cite to the IJ’s opinion on this issue does not change our analysis — its discussion is cursory and does not reference the IJ’s reasoning or conclusions — and thus we read the BIA as citing the IJ’s opinion for factual support of the assertion that no reporting occurred, not as “expressly adopting]” the IJ’s reasoning. Id. (quoting Cordon-Garcia, 204 F.3d at 990). We grant the petition and remand for further consideration of Gonzalez-Ortega’s claim of past persecution under the proper legal standard and in light of all relevant record evidence.
3. The BIA’s determination that Gonzalez-Ortega failed to show that he is more likely than not to suffer torture if returned to Mexico is supported by substantial evidence. Therefore, we deny the petition as , to his CAT claim.
The government shall bear the costs for this petition for review.
DISMISSED in part, DENIED in part, GRANTED in part and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3. fr>